**JING LIN, Petitioner,**

v.

**UNITED STATES DEPARTMENT OF JUSTICE, Attorney General Gonzales, Respondent.**

Nos. 05–6725–ag.

United States Court of Appeals, Second Circuit.

Aug. 16, 2006.

Dehai Zhang, Flushing, NY, for Petitioner.

Colm F. Connolly, United States Attorney for the District of Delaware, Seth M. Beausang, Assistant United States Attorney, Wilmington, DE, for Respondent.

Present: GUIDO CALABRESI, SONIA SOTOMAYOR and RICHARD C. WESLEY, Circuit Judges.

## SUMMARY ORDER

Jing Lin, through counsel, petitions for review of the BIA's decision affirming Immigration Judge ("IJ") Noel Ferris's decision denying her application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). In that same decision, the BIA also denied her motion to remand. We assume the parties' familiarity with the underlying facts and procedural history of this case.

The government correctly asserts that Lin failed to raise any arguments regarding the denial of her original claims in her brief to this Court; she challenges only the denial of her motion to remand based on the birth of two children in the United States. Therefore, those arguments are waived, *see Jian Wen Wang v. BCIS*, 437 F.3d 276, 278 (2d Cir.2006), and the only issue before this Court is whether the BIA erred in denying Lin's motion to remand.

The BIA's denial of a motion to remand is held to the substantive standard of review for motions to reopen and reconsider, *i.e.*, abuse of discretion. *Li Yong Cao v. Dep't of Justice*, 421 F.3d 149, 151 (2d Cir.2005). An abuse of discretion will be found "in those circumstances where the [BIA's] decision provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary conclusions or statements; that is to say, where the [BIA] has acted in an arbitrary or capricious manner." *Ke Zhen Zhao v. U.S. Dep't of Justice*, 265 F.3d 83, 93 (2d Cir. 2001) (internal citations omitted). The BIA has held that it may deny motions to remand and motions to reopen when a prima facie case for the relief sought is not

established. *Matter of Coelho,* 20 I. & N. Dec. 464 (BIA 1992).

Here, the BIA did not abuse its discretion in determining that Lin failed to prove prima facie eligibility for asylum, withholding of removal, or CAT relief based on the birth of two children in the United States. None of the documents submitted in support of her motion to remand discuss whether there is a national, or regional, policy regarding the treatment of parents with U.S.-born children. Accordingly, the BIA did not abuse its discretion in determining that Lin failed to produce sufficient evidence that she would be subject to persecution under the policy upon her return to China with two U.S.-citizen children. *See Jian Xing Huang v. INS,* 421 F.3d 125, 129 (2d Cir.2005) (stating that an applicant's well-founded fear claim based on U.S.-born children is "speculative at best" when he fails to present "solid support" that he would be subject to the family planning policy upon his return to China).

Lin attempts to analogize her case to the Third Circuit's decision in *Jian Lian Guo v. Ashcroft,* 386 F.3d 556 (3rd Cir. 2004), arguing that like the petitioner in *Guo,* her children were born very close together and there is a greater chance of persecution under the family planning policy as a result. In *Guo,* the Third Circuit found that an affidavit by Dr. John Aird and the 1998 State Department Profile of Asylum Claims was sufficient for the applicant to prove prima facie eligibility for her asylum claim, which was based on two children born in the United States. *Jian Lian Guo,* 386 F.3d at 565–66. As we have in the past, we reject this holding, as we require more specific evidence that U.S.-born children would be counted as Chinese citizens under the family planning policy. *See, e.g., Wei Guang Wang v. BIA,* 437 F.3d 270, 274 (2d Cir.2006).

Accordingly, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).